David Abrams, Attorney at Law (SDTX No. 3869090)
PO Box 3353 Church Street Station
New York, NY 10008
212-897-5821 dnabrams@gmail.com

United States District Court
Southern District of Texas

_____

|  |  |
|---|---|
| United States of America ex rel.<br>GNGH2 Inc.,<br>　　　　Plaintiff-Relator,<br><br>　　- against -<br><br>Huisman North America Services LLC,<br><br>　　　　Defendant. | Case No. 4:24-cv-1900<br><br>**Complaint Under the False<br>Claims Act (Amended)** |

_____

Plaintiff-Relator, complaining of the Defendants by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.   Nature of the Case**

1.   This is a false claims act claim.  The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendant fraudulently obtained CARES Act disaster relief by means of fraudulent certifications of eligibility.  As set forth in more detail below, second-round PPP funding is barred to entities which are owned or directed by concerns with significant operations in the People's Republic of China and/or who exceed the applicable size standards.

## II.     Parties

2.      Defendant Huisman North America Services LLC ("Defendant") is a Texas limited liability company with a principal place of business in **Fort Bend County, Texas.**

3.      The Relator, GNGH2 Inc. ("Relator" or "Plaintiff") is a New Jersey corporation with a principal office in **Bergen County, New Jersey.**

## III     Compliance with Requirements of Suit

4.      This matter was filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, any Sealing Order, and Relator's disclosure of evidence was served on the Department of Justice and the United States Attorney for the District in which this matter has been filed.

5.      Relator will not serve the Amended Complaint or any other papers in this matter until and unless it becomes unsealed.  Thus, if the Amended Complaint is served on the Defendant, it means that the matter has been duly unsealed.

## IV.     Jurisdiction and Venue

6.       This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any Defendant resides or transacts business.  In this case, the Defendant is located in **Rosenberg, Texas**.

## V. Background

7. Throughout most of 2020 and continuing into 2021, the United States was faced with a large scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19." (the "Coronavirus Epidemic").

8. In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

9. All of the above has resulted in major economic disruption and as a result Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

10. The CARES Act contains a provision which permitted qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

11. The CARES Act was subsequently amended to provide for a second round of disaster funding. Significantly, an applicant is ineligible for such funding if is owned by a concern with significant operations in the People's Republic of China or if it exceeds the applicable size standards, i.e. if combined with affiliates it has an employee count in excess of 300.

[continued on next page]

12. The Defendant in this matter is part of a firm which designs, manufactures, and services heavy construction equipment. It received second draw PPP disaster relief as follows:

| Date | Amount | Loan # | Forgiven |
|---|---|---|---|
| 1/30/2021 | $ 1,004,990 | 8901098304 | 12/6/2021 |

13. Thus, on or about January 30, 2021, Defendant completed Form 2483-SD which required it to certify as follows:

> The Applicant is not a business concern or entity (a) for which an entity created in or organized under the laws of the People's Republic of China or the Special Administrative Region of Hong Kong, or that has significant operations in the People's Republic of China or the Special Administrative Region of Hong Kong, owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity, including as equity shares or a capital or profit interest in a limited liability company or partnership; or (b) that retains, as a member of the board of directors of the business concern, a person who is a resident of the People's Republic of China

14. This certification was false when made as set forth below.

15. At all times relevant to this matter, the Defendant was a subsidiary of an international concern known as Huisman Equipment which is out of the Netherlands. Huisman Equipment maintains a facility in Zhangzhou City in the People's Republic of China. Additionally, the total size the combined entity of the Defendant and its affiliates is too large for eligibility in the program at issue, i.e. the total size of the Huisman Equipment concern exceeded 300 at all times relevant to this matter. This violated a certification on the form 2483-SD which required

4

the Defendant to certify that when combined with its affiliates, the aggregated size did not exceed 300 employees. The foregoing is set forth in detail in Relator's disclosure statement of May 29, 2024 which is incorporated herein by reference.

16. Moreover, the foregoing information is available on the websites of the Defendant and/or its affiliates.

17. Thus, Defendant's authorized representative must have been either aware of this information or reckless in regards to same.

18. Thus, Defendant made a fraudulent representation when it completed form 2483-SD.

19. As a result of these statements, the Defendant received (and the United States paid) substantial funds to which it would not otherwise have been entitled.

**VI.　(Count I)  Violation of the False Claims Act**

20. The False Claims Act imposes liability on a person or entity who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

21. The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp.*,  601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

22. Thus, the Defendant's certifications of eligibility violated the False Claims Act because they were false, fraudulent, and required for eligibility for disaster relief.

## VII.  Relief Sought

23. On behalf of the government, Relator is seeking judgment for triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

24.  The Defendant received $ 1,004,990 (and the United States paid) in disaster relief as a result of the certifications set forth above.

25. Additionally, the United States paid $31,149.70 in processing fees and approximately $8,343.00 in interest in respect of the loan.

**[continued on next page]**

26.　Accordingly, Relator seeks judgment in the amount of $3,130,448.10 against the Defendant and in favor of the United States, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　David Abrams, Attorney at Law
　　　　　　　　　　　　　　(SDTX No. 3869090)
　　　　　　　　　　　　　　 Attorney for Relator
　　　　　　　　　　　　　　GNGH2 Inc.

　　　　　　　　　　　　　　PO Box 3353 Church Street Station
　　　　　　　　　　　　　　New York, NY 10008
　　　　　　　　　　　　　　Tel. 212-897-5821
　　　　　　　　　　　　　　Fax  212-897-5811

Dated:　　　February 19, 2025